UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AUDILIO OROZCO VASQUEZ,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ, JR., et al.,<br>Respondents. | Case No. 5:26-cv-04829 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Ronald Audilio Orozco Vasquez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 8.) For the reasons discussed below, the Petition is granted in part.

## II. FACTUAL BACKGROUND

According to the Petition, Petitioner is a 32-year-old citizen of Guatemala who entered the United States around 2013. (Dkt. No. 1 ¶ 21.) Petitioner entered the United

States without inspection. (Dkt. No. 8-1 at 3.) Petitioner has since established a family in the United States, which includes a United States citizen partner, and two United States citizen children. (Dkt. No. 1 ¶ 31.) Petitioner is in the process of marrying his United States citizen partner. (Id. ¶ 32.) Petitioner is applying for cancellation of removal based on hardship to his United States citizen children and the imminent formalization of his marriage with this partner. (Id. ¶ 33.) On March 2, 2026, Petitioner was arrested by local police for the offense of corporal injury to a spouse and damaging a wireless communication device. (Dkt. No. 8-1 at 3.) On June 29, 2026, Petitioner was detained in a public area by immigration officials and he has since remained in immigration custody. (Dkt. No. 1 ¶¶ 27-28.) On July 29, 2026, Petitioner received a bond hearing before an immigration Judge ("IJ"). (Dkt. No. 8-4.) The IJ denied bond because he claimed to lack jurisdiction, despite acknowledging the injunction in Bautista. (Id.) Petitioner has not yet received an individualized bond hearing to assess whether his detention is warranted due to danger or flight risk. (Id. ¶ 89.)

## III. SUMMARY OF BRIEFING

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner alleges the following grounds for relief: (1) an entitlement to a bond hearing as a Bautista class member; (2) unlawful mandatory detention; (3) an erroneous denial of bond; and (4) a due process clause violation due to a lack of a bond hearing. (Dkt. No. 1 ¶¶ 55-97.) Petitioner requests immediate release from immigration custody. (Id. at 20.) Petitioner also requests an injunction preventing his re-detention without adequate notice and a pre-detention hearing where Respondents have the burden to demonstrate that Petitioner is a danger to the community or flight risk. (Id. at 21.)

Respondents filed an Answer, arguing that Petitioner appears to be entitled to receive an initial bond hearing. (Dkt. No. 8 at 2.) Respondents further argue that Petitioner is properly detained pending a bond proceeding because this is his first detention. (Id.) Respondents allege that if a bond hearing is ordered by the Court, judgment may be entered immediately. (Id. at 3.)

## IV. DISCUSSION

### A. Violation of Petitioner's Procedural Due Process Rights

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment.[1] The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Reno v. Flores, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in [removal] proceedings."); Trump v. J.G.G., 604 U.S. 670, 673 (2025) (same). There is no question that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." Demore v. Kim, 538 U.S. 510, 523 (2003). In the expedited removal context, a noncitizen has the "fundamental due process right[]" to receive "notice of the charge" they face and an "opportunity to respond to that charge." United States v. Raya-Vaca,

[1] Administrative remedies need not be exhausted for the Court to consider this constitutional question. See Hernandez v. Mullin, No. 2:26-CV-07236-AB, 2026 WL 2622423, at *3 (C.D. Cal. Sept. 4, 2026) ("[A]gency review cannot provide a determination on the central constitutional questions presented by the Petition. Nor does the Court find that agency expertise is necessary to resolve those questions, which concern . . . the procedural protections required by the Fifth Amendment.").

771 F.3d 1195, 1204 (9th Cir. 2014), abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." United States v. Rivera-Valdes, 157 F.4th 978, 991 (9th Cir. 2025), cert. denied, No. 25-972, 2026 WL 1513330 (U.S. June 1, 2026) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

To determine the procedures to which Petitioner is entitled, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). See Yagman v. Garcetti, 852 F.3d 859, 864 (9th Cir. 2017) (citation omitted); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"). Under the Mathews test, courts weigh "(1) the nature of the private interest at stake; (2) the risk of erroneous deprivation and probable value of procedural safeguards; and (3) the government's interests." Vatadi v. Bowen, No. 5:26-cv-00098 MRA (SSC), 2026 WL 712595, at *3 (C.D. Cal. Feb 12, 2026), modified, 2026 WL 530750 (C.D. Cal. Feb. 20, 2026) (citing Mathews, 424 U.S. at 319).

First, the Court considers Petitioner's private interest in remaining out of immigration custody. As a noncitizen residing within the United States, Petitioner is entitled to constitutional due process. See Zadvydas, 533 U.S. at 693. Petitioner has established strong community ties since his arrival in 2013. (Dkt. No. 1 ¶¶ 21, 31.) Petitioner has a family in the United States, which includes a United States citizen partner, and two United States citizen children. (Dkt. No. 1 ¶ 31.) However, Petitioner's liberty interest is diminished because he entered the United States without inspection and was not previously released by immigration officials. (Dkt. No. 8-1 at 3.) As ample

district courts have concluded, Petitioner, as a noncitizen who illegally entered the United States and is now detained for the first time, does not have the strong liberty interest that may be applicable to other noncitizens who have previously been detained and then released by immigration officials. See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026) (holding that a bond hearing, as opposed to release, is the appropriate remedy when noncitizens enter without inspection and are detained for the first time) (collecting cases); see Fuentes v. Mullin, No. 5:26-CV-01651-KS, 2026 WL 1847436, at *8 (C.D. Cal. June 25, 2026) (same); see also Jimenez Ramirez v. Warden, No. 5:26-CV-02714-CV-RAO, 2026 WL 1658506, at *2 (C.D. Cal. June 5, 2026) (same). These circumstances warrant a lessened liberty interest.

Further, Petitioner's detention under 8 U.S.C. § 1226(a) already offers procedural safeguards, such as an entitlement to an initial custody determination, a bond hearing upon request, and further bond hearings upon a showing of changed circumstances.[2] See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207-09 (9th Cir. 2022) (explaining the process that 8 U.S.C. § 1226(a) detainees are entitled to by statute and implementing regulations). Accordingly, Petitioner establishes a liberty interest in remaining out of immigration custody.

---

[2] The Ninth Circuit has affirmed that noncitizens like Petitioner who are present without admission and are detained in the interior of the United States are subject to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); but see Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188, at *6 (5th Cir. Oct. 23, 2026) (holding such noncitizens are subject to 8 U.S.C. § 1225(b)(2)(A)).

Second, the Court considers the risk of erroneous deprivation. The risk of erroneous deprivation is significant where, as here, procedural safeguards were not properly employed to determine if Petitioner's detention was justified. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"). Petitioner has not yet had an individualized custody determination because the IJ determined that he lacked jurisdiction to conduct a bond hearing. (Dkt. No. 8-4.) Petitioner has yet to receive the individualized bond hearing that would mitigate the risk of erroneous deprivation.

Third, the Court considers the government's interest in Petitioner's detention. The enforcement of the United States's immigration laws is a legitimate government interest. However, civil immigration detention is "nonpunitive in purpose and effect" and is permissible only to further the aims of the relevant statute and reduce the risk of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). Custody hearings in immigration court are "routine" and impose only a "minimal" cost. Singh v. Bowen, No. EDCV 25-03034-CAS-PDx, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citation modified) (quoting Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025)). Respondents have not stated a countervailing interest in detaining Petitioner without providing a bond hearing.

Under Mathews, Petitioner is entitled to a hearing in which his flight risk and danger to the community is evaluated. Further, Petitioner is already entitled to a bond hearing as a detainee under 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026) ("Although DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA).") (citations omitted). Accordingly, Petitioner is entitled to a bond hearing.[3]

**B. Remedy**

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). A bond hearing, as opposed to release, is the appropriate remedy when a noncitizen has entered the United States without inspection and is now detained for the first time under 8 U.S.C. § 1226(a). See Mendez, 2026 WL 2449572, at *2 (explaining that a bond hearing "is the remedy which courts—including in this district—have regularly ordered where, as here, the detainee was never previously released on bond or parole but was entitled to receive a detention hearing with an immigration judge.") (collecting cases); see also Qiu v. Semaia, No. 5:26-CV-01079-SK, 2026 WL 1104322, at *2 (C.D. Cal. Apr. 17, 2026) (ordering a bond hearing when a noncitizen entered without inspection and was

---

[3] Because Petitioner is entitled to relief on this ground, the Court need not reach the other grounds asserted. Further, the other grounds asserted are also premised on the lack of a bond hearing. Petitioner has not alleged, and the Court sees no reason why, these other grounds entitle Petitioner to additional relief.

subsequently detained). Here, Petitioner is entitled to a bond hearing because he is a 8 U.S.C. § 1226(a) detainee who has not previously been released by immigration officials.

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Ronald Audilio Orozco Vasquez (A# 246-061-368) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order; and

3) Judgment shall be entered accordingly.

Dated: November 10, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge